**Gurpal SINGH, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–6840–ag.

United States Court of Appeals, Second Circuit.

March 21, 2007.

Hector M. Roman, Roman & Singh, Jackson Heights, New York, for Petitioner.

Rodger A. Heaton, United States, Attorney for the Central District of Illinois, Hilary W. Frooman, Assistant United States Attorney, Springfield, Illinois, for Respondents.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Gurpal Singh, a citizen of India, seeks review of a November 30, 2005

order of the BIA denying his second motion to reopen removal proceedings. *In re Gurpal Singh,* No. A75 304 340 (B.I.A. Nov. 30, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case. We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (per curiam). An asylum applicant may file only one motion to reopen. 8 C.F.R. § 1003.2(c)(2). However, an exception is available to applicants who demonstrate a change in conditions in the country to which removal has been ordered that establishes new eligibility for relief. 8 C.F.R. § 1003.2(c)(3)(ii).

Here, the BIA did not abuse its discretion in denying Singh's motion. In his first motion to reopen, Singh provided the BIA with an affidavit briefly detailing his fear of persecution and newspaper articles regarding the treatment of Sikhs in India. The BIA found that these materials were insufficient to establish Singh's eligibility for relief, and that they therefore did not warrant reopening his proceedings. In his second motion to reopen, Singh provided the same affidavit he had previously submitted to the BIA, and no other additional evidence. Accordingly, he failed to provide material, previously unavailable evidence of changed country conditions that excuse his numerically barred motion to reopen.

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).